**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| MARIO FREEMAN, | : | Case No. 1:24-cv-298 |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | District Judge Douglas R. Cole |
| vs. | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| OHIO DEPARTMENT OF | : | |
| REHABILITATION AND | : | |
| CORRRECTIONS, et al., | : | |
| | | |
| Defendants. | | |

**ORDER AND**
**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner at the Southern Ohio Correctional Facility, has filed a pro se civil rights Complaint in this Court.  (Doc. 2).  Although the original Complaint named the Ohio Department of Rehabilitation (ODRC) as the sole Defendant to this action, Plaintiff included factual allegations against several officers in the body of the Complaint.  On May 28, 2024, the Undersigned issued an Order for Plaintiff to submit an Amended Complaint naming the intended Defendants to this action.  (Doc. 3).  In response to the Order, Plaintiff has submitted an "Amended Complaint," updating the case caption to include the following Defendants:  Lake Erie Correctional Institution, Southern Ohio Correctional Institution, and Correctional Officers Devon Yazell, Ms. Martin, and Ms. Tibbs.  (*See* Doc. 5 at 1).

This matter is before the Court for a *sua sponte* review of the Complaint, as amended, to determine whether the Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary

relief from a Defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

### Screening of Plaintiff's Complaint

#### A.     Legal Standard

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.  The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).  By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.* at 557.  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Erickson*, 551 U.S. at 93 (citations omitted).

### B.  Allegations in the Complaint

Plaintiff alleges that on May 31, 2023, following an undisclosed incident, Defendant C.O. Yazell handcuffed him and "bent my thumb back trying to break it causing me pain."  (Doc. 2 at 3).  According to Plaintiff, camera footage of the incident shows Yazell "bending my thumb back trying to make it look like I was resisting."  (*Id.*).

The Complaint also includes allegations regarding the loss of Plaintiff's property, harassment, and the grievance procedure.  With respect to his property, Plaintiff alleges that C.O. Fuegan took his phone charger, that money was improperly taken from his phone account, and that the "commissary lady" threw his items on the floor and kicked them with dirty shoes.  (*Id.* at 3, 5).

Regarding alleged harassment, Plaintiff claims that on March 28, 2024, officers Houser and Fuegan, who are not defendants to this action, issued a disciplinary infraction against him, strip searched him, and took him to administrative segregation, where he remained for twenty days.

Without further factual elaboration, Plaintiff alleges that "I am often harassed by these C.O.s." (*Id.* at 3). Plaintiff also alleges that on April 29, 2024, Defendant Ms. Tibbs refused to provide Plaintiff with a dinner tray. According to Plaintiff, "Ms. Tibbs told me to get on my knees and she'll give me my tray" and later that day "yel[le]d in my cell and called me a black bitch." (*Id.* at 5).

Plaintiff indicates that he filed informal complaints and grievances with respect to the above issues, but claims his complaints were not addressed. (*See id.* at 3, 4, 5).

Finally, the Plaintiff alleges that he experienced difficulty breathing during transports between prison facilities. According to Plaintiff, during his transport from Lorain Correctional Institution to Lake Erie Correctional Institution he suffered an asthma attack and the bus driver did not stop. (*Id.* at 6).

As relief, Plaintiff seeks monetary damages and injunctive relief. (*Id.* at 4).

**C.    Analysis.**

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the Undersigned concludes that Plaintiff may **PROCEED** with his Eighth Amendment excessive force claim against Defendant C.O. Devon Yazell in his individual capacity.[1]   *See generally Hudson v. McMillian*, 503 U.S. 1 (1992).

Plaintiff's remaining claims should be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

As an initial matter, although Plaintiff added Ms. Martin as a Defendant to this action (*see* Doc. 5), neither the original nor the Amended Complaint include any factual allegation against

---

[1] The Court has not made a determination as to the merits of the claims or potential defenses thereto, nor are Defendants precluded from filing a motion to dismiss, motion for more definite statement, or other appropriate motion under the Federal Rules of Civil Procedure. *See, e.g., Wiley v. Austin*, No. 8:20CV220, 2020 WL 6204382, at *3 (D. Neb. Oct. 22, 2020).

her.  Absent any allegation of wrongdoing, Plaintiff has failed to state a claim upon which relief can be granted against Defendant Ms. Martin.

Defendants the ODRC, Lake Erie Correctional Institution, and the Southern Ohio Correctional Institution should also be dismissed as Defendants to this action.  Title 42 U.S.C. § 1983 provides that "[e]very person who, under the color of any statute . . .  subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ."  42 U.S.C. § 1983.  A correctional facility is not a "person" subject to suit under 42 U.S.C. § 1983.  *See Parker v. Michigan Dept. of Corrections,* 65 F. App'x. 922, 923 (6th Cir. 2003) (Department of Corrections not a "person" under § 1983).  *See also, e.g., McGlone v. Warren Corr. Inst.,* No. 1:13cv126, 2013 WL 1563265, at *3 (S.D. Ohio Apr. 12, 2013) (Bowman, M.J.) (Report & Recommendation) (and numerous cases cited therein) (holding that claims against a state prison and the ODRC should be dismissed at the screening stage because "neither the state prison facility nor the state corrections department is an entity capable of being sued under § 1983"), *adopted,* 2013 WL 2352743 (S.D. Ohio May 29, 2013) (Dlott, J.); *see also Hix v. Tennessee Dep't of Corr.,* 196 F. App'x 350, 355-56 (6th Cir. 2006) (and cases cited therein); *Rodgers v. Michigan Dep't of Corr.*, 29 F. App'x 259, 260 (6th Cir. 2002).

To the extent that Plaintiff alleges that Defendants deprived him of his property without due process, Plaintiff's allegations are insufficient to state an actionable § 1983 claim.  As noted above, Plaintiff claims that his cell phone charger, commissary items, and money from his account were taken from him and/or destroyed.  (Doc. 2 at 3, 5).  In order to state a due process claim in connection with the loss of his property, Plaintiff must first "plead . . . that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983).  *See also Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt*, 451 U.S. 527 (1981).  "If satisfactory state

5

procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury." *Jefferson v. Jefferson County Pub. Sch. Sys.,* 360 F.3d 583, 587-88 (6th Cir. 2004). Accordingly, in order to state a procedural due process claim under section 1983 "the plaintiff must attack the state's corrective procedure as well as the substantive wrong." *Meyers v. City of Cincinnati*, 934 F.2d 726, 731 (6th Cir. 1991) (quoting *Vicory*, 721 F.2d at 1066). A plaintiff "may not seek relief under Section 1983 without first pleading and proving the inadequacy of state or administrative processes and remedies to redress [his] due process violations." *Jefferson*, 360 F.3d at 588.

Plaintiff has not alleged any facts even remotely indicating that his remedies under Ohio law to redress the wrong of which he complains are inadequate. Plaintiff's Complaint fails to explain why a state tort remedy for conversion would not suffice to address his claim. *See Fox v. Van Oosterum,* 176 F.3d 342, 349 (6th Cir. 1999). Therefore, he fails to state a due process claim that is actionable in this § 1983 proceeding.

Plaintiff's claims of harassment against Defendant Ms. Tibbs also fail to state a viable claim under § 1983, which requires a showing of a deprivation of "a right secured by the United States Constitution or a federal statute." *See Spadafore v. Gardner*, 330 F.3d 849, 852 (6th Cir. 2003). It is well-settled that "[v]erbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief." *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (per curiam) (citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987)); *see also Chilcott v. Erie Cnty. Domestic Relations*, 283 F. App'x 8, 11 (3rd Cir. 2008) (and Sixth, Fifth and Tenth Circuit cases cited therein). Additionally, while prison officials should not use degrading or racist language when interacting with inmates, the use of such language does not rise to the level of a constitutional violation. *See Hursey v. Anderson*, No. 16-1146, 2017 WL 3528206, at *4 (6th Cir. Mar. 31, 2017). A prison

6

official's use of racial slurs, for example, "although unprofessional and reprehensible, does not rise to the level of constitutional magnitude" and is insufficient to support a constitutional claim for relief. *Jones Bey v. Johnson*, 248 F. App'x 675, 677–78 (6th Cir. 2007) (citing *Torres v. Oakland County*, 758 F.2d 147, 152 (6th Cir. 1985)); *see also Ivey*, 832 F.2d at 954. *Cf. Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545–46 (6th Cir. 2004).[2]

The Complaint should also be dismissed to the extent that Plaintiff claims that his grievances were not adequately addressed. "There is no statutory or common law right, much less a constitutional right, to an investigation." *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007); *see also Daniels v. Lisath*, No. 2:10-cv-968, 2011 WL 2710786, at *2 (S.D. Ohio July 13, 2011). Furthermore, to the extent that Plaintiff claims that the grievance procedure failed to produce the correct outcome, this cannot give rise to a § 1983 claim because "[p]rison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines*, No. 97–3416, 1998 WL 476247, at *1 (6th Cir. Aug. 03, 1998) (citations omitted). Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior" cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Nor does a prison official's alleged failure to adequately investigate claims of

---

[2] To the extent that Plaintiff seeks to hold Defendant Ms. Tibbs liable for denying him a dinner trey on one occasion, his allegations do not rise to the level of a constitutional violation. The Eighth Amendment requires prison officials "to provide humane conditions of confinement" and to "ensure that inmates receive adequate food, clothing, shelter, and medical care. . . ." *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). To establish an Eighth Amendment violation, a plaintiff must first demonstrate objectively the unique deprivation of "the minimal civilized measure of life's necessities." *Id.* at 454 (quoting *Rhodes,* 452 U.S. at 347); *see also Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer,* 511 U.S. at 834) ("[T]he inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm."). He then must subjectively show the defendant acted "wantonly," with "deliberate indifference to the plaintiff's serious needs." *Richmond*, 450 F. App'x at 455 (citing *Farmer,* 511 U.S. at 834). The discomfort experienced by a prisoner when some meals are denied over a short period of time does not rise to the level of "wanton infliction of pain" so long as the prisoner continues to receive adequate nutrition. *Richmond,* 450 F. App'x at 456. *See Cunningham v. Jones,* 667 F.2d 565, 566 (6th Cir. 1982) (serving a prisoner one meal per day for fifteen days did not violate the prisoner's Eighth Amendment rights where that meal was sufficient to maintain normal health for the 15–day time period). Plaintiff here has neither alleged that the prison meal plan deprives him of adequate nutrition, nor has he alleged any harm as a result of being denied a dinner trey on one occasion.

misconduct rise to the level of "encouragement" that would make the official liable for such misconduct. *Knop v. Johnson,* 977 F.2d 996, 1014 (6th Cir. 1992); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Therefore, Plaintiff fails to state a claim upon which relief may be granted with respect to his allegations concerning the grievance process.

Finally, the Complaint includes factual allegations against officers Fuegan and Houser, who are not named as Defendants. (*See* Doc. 2 at 2; Doc. 5 at 1). Because these individuals are not Defendants to this action, the Complaint fails to state a claim upon which relief may be granted with respect these individuals. *See Chapple v. Franklin Cnty.*, No. 2:21-cv-5086, 2022 WL 856815, at *16 (S.D. Ohio Mar. 23, 2022) (Report and Recommendation), *adopted as modified sub nom. Chapple v. Franklin Cnty. Sheriff's Officers FCCC 1 & 2*, 2022 WL 16734656 (S.D. Ohio Nov. 7, 2022) (citing *Shipp v. CoreCivic*, No. 16-2891, 2018 WL 4265259, at *5 (W.D. Tenn. Sept. 6, 2018)) (declining to analyze and recommending dismissal of allegations against non-parties).

In sum, Plaintiff may **PROCEED** with his Eighth Amendment excessive force claim against Defendant Yazell in his individual capacity. Having found that the remaining claims alleged in the complaint fail to state a claim upon which relief may be granted, it is **RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED**. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

Plaintiff has failed to provide completed summons and U.S. Marshal forms for service. It is therefore **ORDERED** that Plaintiff, **within thirty (30) days** of the date of this Order, submit a completed summons and U.S. Marshal form for Defendant Yazell. The Clerk of Court is **DIRECTED** to send Plaintiff a summons form and United States Marshal form for this purpose. Upon receipt of the completed summons and United States Marshal forms, the Court **ORDERS** service of process by the United States Marshal on Defendant Yazell. The costs of service shall

be advanced by the United States.  If Plaintiff fails to provide the completed forms within thirty days, his case may be dismissed for failure to prosecute.

### IT IS THEREFORE RECOMMENDED THAT:

1.    The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), with the exception of Plaintiff's Eighth Amendment excessive force claim against Defendant Yazell in his individual capacity.

2.    The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny Plaintiff leave to appeal *in forma pauperis*.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Date: July 25, 2024                    /s/ Kimberly A. Jolson
                                                KIMBERLY A. JOLSON
                                                UNITED STATES MAGISTRATE JUDGE