# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

MARIO FREEMAN,

      Plaintiff,

  v.

OHIO DEPARTMENT OF
REHABILITATION AND
CORRECTIONS, et al.,

      Defendants.

Case No. 1:24-cv-298

JUDGE DOUGLAS R. COLE
Magistrate Judge Jolson

## OPINION AND ORDER

Before the Court is Magistrate Judge Jolson's July 25, 2024, Report and Recommendation (R&R, Doc. 6), which recommends that the Court dismiss Plaintiff Mario Freeman's claims against Defendants Ms. Martin, Ms. Tibbs, the Ohio Department of Rehabilitation and Corrections (ODRC), Lake Erie Correctional Institution (LAECI),[1] and the Southern Ohio Correctional Institution (SOCF)[2] for failure to state a claim to relief. For the reasons stated below, the Court **ADOPTS** the R&R (Doc. 6) and **DISMISSES WITHOUT PREJUDICE** the claims against Tibbs and Martin (whether brought against them in their individual or official

---

[1] The ODRC website refers to the facility by this acronym, so the Court adopts it here, too. *Facilities and Institutions*, Ohio Dep't Rehab. & Corr., https://drc.ohio.gov/about/facilities (last visited Aug. 28, 2024).

[2] The Complaint calls this entity the Southern Ohio Correctional Institution. But the Court presumes Freeman meant to name the Southern Ohio Correctional Facility—the facility where he is currently incarcerated. *Offender Details*, Ohio Dep't Rehab. & Corr., https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A791324 (last visited Aug. 26, 2024).

capacities) as well as the claims against ODRC and **DISMISSES WITH PREJUDICE** the claims against LAECI and SOCF.

On May 23, 2024, Freeman sued several institutional facilities and correctional officers (his Complaint's initial caption identified only ODRC as a defendant, but because it included allegations against others, the Magistrate Judge ordered him to identify all parties that he intended to sue (*see* Doc. 3)). His Complaint describes several incidents—for which he seeks relief—that allegedly occurred while he was incarcerated. In one incident, on May 31, 2023, Freeman alleges that while handcuffing him, Defendant Devon Yazell, a corrections officer (presumably at LAECI, but the Complaint does not clearly state as such), bent Freeman's thumb intending to break it and to cause him pain. (Doc. 2, #3). Beyond that, Freeman claims that correctional officers improperly took his property (some money and a phone charger) and that unnamed officers engaged in inappropriate physical contact during searches, which he believes were part of a pattern of repeated harassing treatment. (*Id.* at #3–5). Freeman also claims that, while being transported between correctional facilities, he had what he describes as an "asthma[-]like attack" and that the driver did not immediately stop the bus. (*Id.* at #5–6). Finally, Freeman claims that he was once denied a dinner tray by Tibbs (who verbally insulted him when he asked for food) and that several months later a commissary worker threw his "items" (the Complaint lacks a more specific description of what they were) on the floor and then "kick[ed] them with her dirty shoes." (*Id.* at #5). Freeman claims he filed internal grievances for both of those instances but that nothing came of them. (*Id.*). For all these harms,

Freeman seeks an injunction "to stop any harmful or harassing actions," $40,000 in compensatory damages, and another $40,000 in punitive damages. (*Id.* at #4).

Following the docketing of Freeman's Complaint, the Magistrate Judge, to whom the matter was referred under General Order 22-05, ordered Freeman (as noted above) to identify the specific defendants he intended to name and to specify the claims against those parties. (Doc. 3). Freeman first filed a completed summons form for ODRC. (Doc. 5, #19). And a week later, on June 10, 2024, in response to the Magistrate Judge's order requiring greater specificity as to the defendants, Freeman filed a cover sheet naming five additional defendants: the two correctional institutions as well as Martin, Tibbs, and Yazell. (Freeman did not provide any other allegations as to the claims against those parties.) Relying on this cover sheet and the Complaint, the Magistrate Judge issued an R&R on July 25, 2024, in which she conducted a sua sponte review of the Complaint under 28 U.S.C. §§ 1915(e), 1915A. (Doc. 6). The Magistrate Judge construed the Complaint as raising several § 1983 actions against Defendants based on alleged constitutional violations. The R&R recommended that the claim against Yazell arising from the May 31, 2023, cuffing incident, which the Magistrate Judge construed as an Eighth Amendment excessive force claim, be permitted to pass the screening stage. (*Id.* at #36). But it otherwise recommended dismissing all other potential claims: either because there were no allegations against the named defendant, the named defendant was an institutional defendant who did not constitute a "person" under § 1983, or the claim otherwise failed to state a claim for relief based on gaps in his pleading. (*Id.* at #36–40). Based

3

on these recommendations, the Magistrate Judge ordered Freeman to complete a summons with respect to Yazell, (*id.* at #40–41), which form he later filed, (Doc. 7). So the Magistrate Judge's recommendation of dismissal of all other claims is currently before the Court.

The R&R had advised Freeman that failing to object within 14 days could result in a forfeiture of his right to the Court's de novo review of the R&Rs as well as his right to appeal this decision. (Doc. 6, #41). *Thomas v. Arn,* 474 U.S. 140, 152–53 (1985); *Berkshire v. Dahl,* 928 F.3d 520, 530 (6th Cir. 2019) (noting the "fail[ure] to file an[y] objection[s] to the magistrate judge's R&R … [constitutes a] forfeiture" of such objections); 28 U.S.C. § 636(b)(1). Accordingly, Freeman had until August 8, 2024, to object to the R&R. He did not do so.

Although no party has objected, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Redmon v. Noel,* No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases). Consistent with that charge, the Court has reviewed the R&R and determined that it does not contain any "clear error on [its] face" with respect to its ultimate recommendations. Fed. R. Civ. P. 72(b) (advisory committee notes).

The Court begins with the claims against ODRC. ODRC as a state agency is an instrumentality of the state of Ohio. *Jenkins v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-1999, 2023 WL 2043338, at *1 (N.D. Ohio Feb. 16, 2023). As a result, ODRC, like Ohio itself, is entitled to sovereign immunity (which has not been waived) in

4

federal court against any claims no matter the relief requested. *Williams v. Parikh*, __ F. Supp. 3d __, 2023 WL 8824845, at *4 (S.D. Ohio 2023). Accordingly, Freeman cannot sue ODRC in this Court. So any claims against it must be dismissed without prejudice. *Id.* at *4–*5.[3]

As to the other two institutional defendants, LAECI and SOCF, the Magistrate Judge correctly explained that 42 U.S.C. § 1983 by its own terms permits suits only against "person[s]" and that correctional facilities do not constitute "persons" that can be sued under § 1983, (Doc. 6, #37). *Copeland v. Kelly*, No. 1:22-cv-129, 2024 WL 1297671, at *2 (S.D. Ohio Mar. 27, 2024). So the Court agrees with the R&R that Freeman's claims against LAECI and SOCF fail. And because Freeman cannot remedy the deficiency with new allegations, it dismisses LAECI and SOCF with prejudice. *Id.*

The Court also finds no error in the Magistrate Judge's conclusion that Martin must be dismissed given the Complaint lacks any allegations specific to her—she thus will be dismissed without prejudice. (Doc. 6, #36–37). Nor does the Court see any error in the Magistrate Judge's decision not to analyze any potential claims against

---

[3] The Magistrate Judge did not state explicitly whether she construed the Complaint to be raising official and individual capacity claims against the prison officials. As prison officials are employed by the state, official capacity claims against them are legally equivalent to claims raised against the state of Ohio. *Wolfel v. Morris*, 972 F.2d 712, 718–19 (6th Cir. 1992). Unlike claims against the state or its agencies, these claims are barred by sovereign immunity only to the degree that the requested relief is for an award of money damages. *Id.*; *Williams*, 2023 WL 882845, at *4 n.6 (explaining the *Ex parte Young* exception). But as explained in the R&R and adopted below, all the claims raised—save for the Eighth Amendment excessive force claim against Yazell—are properly dismissed for failure to state a claim for relief. As a result, the Court concludes that any official capacity claims against Tibbs and Martin (including those seeking injunctive relief not barred by sovereign immunity) must be dismissed anyway.

prison officials Fuegan and Houser and any other non-named defendant. (*Id.* at #40). Freeman expressly declined to name any of those parties after the Magistrate Judge expressly ordered him to identify whom he intended to sue in an amended complaint. (*See* Docs. 3, 5). By failing to identify those persons as defendants, Freeman's allegations against them do not support viable claims for relief and therefore need not be addressed. *Shipp v. CoreCivic*, No. 16-2891, 2018 WL 4265259, at *5 (W.D. Tenn. Sept. 6, 2018).[4]

That leaves the R&R's recommendation that the Court dismiss the claims against Tibbs. The R&R concluded that to the extent Freeman sued for relief from Tibbs's verbal harassment, such behavior did not amount to a constitutional violation. (Doc. 6, #38–39). And it concluded that, to the extent Freeman sued for relief for her denying him a food tray on one occasion, no Eighth Amendment conditions-of-confinement claim could lie given caselaw uniformly has held that even the occasional denial of food does not amount to a constitutional violation, so long as the prisoner receives sufficient nutrition. (*Id.* at #39 n.2).

---

[4] Because the claims relating to inappropriate physical contact during physical searches of Freeman, the seized personal property, the incident in which an unnamed "commissary lady" threw his items on the floor and kicked them with a dirty shoe, and the bus driver's failure to stop when Freeman had a respiratory incident during transit all involve allegations specific to non-parties, the Court has no need to evaluate the viability of any such claims. *Shipp*, 2018 WL 4265259, at *5. Furthermore, even if Freeman intentionally did not sue those specific parties and instead opted to hold LAECI, ODRC, or SOCF liable for their actions, such claims would fail for the reasons the Court provided above as to why those institutional defendants must be dismissed from this action. As a result, the Court does not address the R&R's alternative holdings explaining why those claims fail to state claims for relief, (*see* Doc. 6, #37–38 (explaining why a due process claim relating to the deprivation of property would fail to state a claim for relief); *id.* at #39–40 (explaining why a claim arguing the prison grievance process failed to remedy alleged constitutional harms would fail to state a claim for relief)). *Copeland*, 2024 WL 1297671, at *2 n.1.

The Court sees no error with either holding. A prison official's unprofessional and reprehensible use of degrading or even racist language fails to support a constitutional claim for relief. *Jones Bey v. Johnson*, 248 F. App'x 675, 677 (6th Cir. 2007). And caselaw makes clear that the denial of a single meal in prison does not state claim for relief under the Eighth Amendment. *O'Neill v. Adams Cnty. Jail*, No. 1:23-cv-200, 2024 WL 3754879, at *10 (S.D. Ohio Aug. 12, 2024) (holding that the denial of a single meal did not support a condition-of-confinement claim under the Fourteenth Amendment and citing *Richmond v. Settles*, 450 F. App'x 448, 456 (6th Cir. 2011), for an analogous holding in the Eighth Amendment context). Accordingly, neither allegation would support a valid constitutional claim. The Court therefore dismisses the claims against Tibbs. But the dismissal will be without prejudice given Freeman might overcome these deficiencies with an amended pleading.

Accordingly, the Court **ADOPTS** the R&R (Doc. 6), **DISMISSES** the claims against Tibbs and Martin (whether in their individual or official capacities) and ODRC **WITHOUT PREJUDICE**, and **DISMISSES** the claims against LAECI and SOCF **WITH PREJUDICE**.[5]

**SO ORDERED.**

August 28, 2024
 **DATE**                                   **DOUGLAS R. COLE**
                                            **UNITED STATES DISTRICT JUDGE**

---

[5] Because this Order address all the claims sans those raised against Yazell (possibly raised in both his individual and official capacities), the proceedings here related to Eighth Amendment claim against Yazell will continue apace unaffected.